IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **INTERNET MEDIA INTERACTIVE CORP.,**<br><br>Plaintiff,<br><br>v.<br><br>**WAHL CLIPPER CORPORATION,**<br><br>Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Internet Media Interactive Corp. ("Internet Media" or "Plaintiff") complains of Defendant Wahl Clipper Corporation ("Wahl" or "Defendant") as follows:

**NATURE OF LAWSUIT**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**THE PARTIES**

2. Plaintiff Internet Media Interactive Corp. is a Delaware corporation with its principal place of business at 3511 Silverside Road, Suite 105, Wilmington, Delaware 19810.

3. Internet Media is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,049,835, entitled "System For Providing Easy Access To The World Wide Web Utilizing A Published List Of Preselected Internet Locations Together With Their Unique Multi-Digit Jump Codes," which issued on April 11, 2000 ("the '835 Patent") (a true and correct copy is attached as Exhibit A).

- 2 -

4. Internet Media has the exclusive right to enforce and collect all past damages for infringement of the '835 Patent. Internet Media has standing to sue for infringement of the '835 Patent.

5. Upon information and belief, Defendant Wahl is an Illinois corporation registered with the Illinois Secretary of State and maintaining its principal place of business at 2900 North Locust Street, Sterling, Illinois 61081.

6. Upon information and belief, Defendant owns, provides and operates the websites www.wahl.com, www.wahlpro.com, and related URLs. Defendant also distributes advertisements through various media that instruct recipients to enter a code to redirect to a new location. Specifically, Defendant Wahl operates the accounts "@WahlGrooming" and "@wahlprof" on Twitter, found at https://twitter.com/wahlgrooming and https://twitter.com/wahlprof.

**JURISDICTION AND VENUE**

7. Internet Media's claim for patent infringement against Defendant arises under the patent laws of the United States including 35 U.S.C. §§ 271 and 281. Consequently, this Court has original and exclusive subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Defendant owns, operates and conducts business in the state of Illinois and directs advertisements at residents of Illinois – which are covered by at least Claim 11 of the '835 Patent – throughout the United States including Illinois and this judicial district.

9. Wahl is currently doing business in this judicial district, has purposefully availed itself of the privilege of conducting business with residents of this judicial district, has purposefully reached out to residents of this judicial district, and has established sufficient minimum contacts with the State of Illinois such that it should reasonably and fairly anticipate being haled into court in Illinois.

10. Wahl is incorporated in Illinois, has registered itself with the Illinois Secretary of State to do business in Illinois and has a designated agent incident to such registration, and maintains its headquarters in Illinois; whereby Wahl has regular and established place of business in Illinois.

11. Venue in this judicial district is proper under 28 U.S.C. § 1400(b).

**INFRINGEMENT OF UNITED STATES PATENT NO. 6,049,835**

12. Defendant has directly infringed the '835 Patent at least through its unauthorized use of the method of Claim 11 for providing automatic access to preselected locations on the Internet. Defendant alone, or based on the actions of other persons/entities attributable to Defendant, satisfied each of the limitations of Claim 11 as follows:

    a. Defendant has published a compilation of information with respect to preselected Internet locations (*e.g.*, advertisements on Twitter or other online medium). On January 4, 2009, the Delaware District Court in proceedings related to the '835 Patent construed the similar phrase "a published compilation of preselected Internet locations" to mean "a publicly accessible collection of information which corresponds to preselected Web sites (or to any other type of preselected data found on the Internet) which have unique URL addresses, the URL addresses being associated with diverse individuals or entities." Defendant has published a publicly accessible (*e.g.*, via Twitter or other online medium) collection of information which corresponded to preselected Web sites which have unique URL addresses (*e.g.*, information about a desired Web site destination of interest to a user), the URL addresses having been associated with entities other than Defendant.

    b. Said published compilation – published by Defendant – included a unique predetermined multi-digit jump code assigned to each of said preselected Internet locations for which information is published therein (*e.g.*, shortened codes recognized by bit.ly). On

January 4, 2009, the Delaware District Court also construed the phrase "a unique predetermined multi-digit jump code" to mean "a unique predetermined code consisting of more than one number." Defendant's published compilation included unique predetermined multi-digit jump codes consisting of more than one number (*e.g.*, 2kGNh7Q).

   c. Defendant has provided – through its publication of compilations of various information on Twitter – a predetermined Internet location having an address published in said published compilation (*e.g.*, bit.ly). On January 4, 2009, the Delaware District Court also construed the similar phrase "a predetermined published Internet location" to mean "a predetermined Web site (or any other type of data found on the Internet); (a) which has a unique URL address included in the published compilation; and (b) which serves to provide access to other preselected Internet locations." The predetermined Web site published by Defendant (a) had a unique URL address (*e.g.*, bit.ly) included in the published compilation; and (b) which served to provide access to other preselected Internet locations. Said predetermined Internet location – managed by a link shortening service provider (*e.g.*, Bitly) – was characterized by means for capturing a desired multi-digit jump code assigned to said preselected Internet location such that a multi-digit jump code could be entered by a user after the predetermined Internet location was accessed.

   d. The user accessed said predetermined Internet location and entered said desired multi-digit jump code into said predetermined Internet location. Specifically, by clicking upon a URL embedded in the published compilation, the user accessed the predetermined Internet location (*e.g.*, bit.ly) and, thereafter, entered the desired multi-digit jump code at said predetermined Internet location (*e.g.*, bit.ly). As presently advised,

- 4 -

Defendant is vicariously liable for the user's performance of this step based on (a) Defendant conditioning participation in an activity (*e.g.*, participating in promotional offerings) or receipt of a benefit (*e.g.*, receiving promotional offerings or information of interest) upon the performance of this step – which step is required for the user to reach the new destination of interest; and (b) Defendant establishing the manner or timing of that performance – which, by the nature of the publication and the desired outcome from using the jump code to reach a new destination, necessarily requires performance of this step.

  e. The link shortening service provider (*e.g.*, Bitly) received said multi-digit jump code entered into said predetermined Internet location after said multi-digit jump code had been captured at said predetermined Internet location. As presently advised, Defendant is vicariously liable for a third-party link shortening service provider's (*e.g.*, Bitly) performance of this step based on the existence of an agreement (see, https://bitly.com/pages/terms-of-service) between Bitly and Defendant.

  f. The link shortening service provider (*e.g.*, Bitly) converted the received multi-digit jump code to a URL address corresponding to the desired preselected Internet location. As presently advised, Defendant is vicariously liable for a third-party link shortening service provider's (*e.g.*, Bitly) performance of this step based on the existence of an agreement (see, https://bitly.com/pages/terms-of-service) between Bitly and Defendant.

  g. The link shortening service provider (*e.g.*, Bitly) automatically accessed said desired preselected Internet location using said URL address corresponding to said desired preselected Internet location corresponding to said received multi-digit jump code.

13. Defendant has directly infringed at least Claim 11 of the '835 Patent through the performance of all steps of the claimed method under the doctrine set forth in *Akamai*, 797 F.3d 1020 (2015). Defendant had the right and ability to stop or limit the infringement, did not do so, and has profited from such infringement.

14. The acts of infringement of the '835 Patent by Defendant have injured Internet Media, and Internet Media is entitled to recover damages adequate to compensate it for such infringement from Defendant, but, in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Internet Media Interactive Corp. respectfully requests that this Court enter judgment against the Defendant Wahl Clipper Corporation, and against its respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees and all persons in active concert or participation with it, granting the following relief:

A. The entry of judgment in favor of Internet Media and against Defendant;

B. An award of damages against Defendant adequate to compensate Internet Media for the infringement that has occurred, but in no event less than a reasonable royalty as permitted under 35 U.S.C. § 284, together with prejudgment interest from the date infringement began; and

C. Such other relief to which Internet Media is entitled to under law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues presented in this Complaint.

- 7 -

Dated: August 3, 2017                    Respectfully submitted,

*/s/ Timothy J. Haller*
Timothy J. Haller
HALLER LAW PLLC
The Monadnock Building
53 West Jackson Boulevard, Suite 1623
Chicago, IL 60604
Phone: (630) 336-4283
haller@haller-iplaw.com

***Attorney for Plaintiff,
Internet Media Interactive Corp.***